IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 20-cr-30004-SMY |
| | ) |
| TIMOTHY BLASSINGAME | ) |
| | ) |
| Defendant. | ) |

# ORDER

**YANDLE, District Judge:**

Defendant Timothy Blassingame was sentenced on August 18, 2020, to total term of 168 months and 1 day for interference with commerce by robbery (Counts 1, 2, and 4) and carry and use of a firearm during a crime of violence (Counts 3 and 5) (Docs. 28, 30). Pursuant to SDIL Administrative Order 362, Assistant Federal Public Defender Molly M. Madrigal entered her appearance on Blassingame's behalf in order to determine his eligibility for a sentence reduction (Doc. 37). AFPD Madrigal has now moved to withdraw, asserting that Blassingame is ineligible for a sentence reduction under Amendment 821 (Doc. 40). Blassingame did not respond to the motion, but filed a pro se motion requesting a sentence reduction (Doc. 43).

Amendment 821 to the United States Sentencing Guidelines, related to criminal history, became effective on November 1, 2023. Part A of the amendment addresses status points, decreasing them by one point for individuals with seven or more criminal history points and eliminating status points for those with six or fewer criminal history points. Subpart 1 of Part B creates a new § 4C1.1 guideline that provides a decrease of two offense levels for "Zero-Point Offenders" (those with no criminal history points) whose offense did not involve specified aggravating factors. Amendment 821 is retroactive, but a court may not order the release of a

defendant prior to February 1, 2024. *See* Amendment 825 to USSG § 1B1.10, effective November 1, 2023.

When considering a retroactive Guidelines amendment, the Court must first determine a defendant's eligibility for sentence modification and what amended guideline range would have been applicable to the defendant. If a new sentence is authorized under those conditions, the Court, in its discretion, may determine whether a lower sentence within the amended Guidelines range is warranted upon consideration of the factors listed in 18 U.S.C. § 3553(a). *Dillon v. United States*, 560 U.S. 817, 826-27 (2010).

Blassingame's total offense level at sentencing was 20 and his criminal history category was VI, which yielded a Guidelines sentencing range on Counts 1, 2, and 4 of 70-87 months' imprisonment and 7 years' imprisonment on Counts 3 and 5. The Court varied from the guideline range and sentenced Blassingame to a total term of imprisonment of 168 months and 1 day. Under Amendment 821, Blassingame's new criminal history category is V and Guideline sentencing range is 231 to 246 months. Given that Blassingame received a sentence below his Guideline sentence range under the Amendment, he is not eligible for a sentence reduction.

Accordingly, the motion to withdraw (Doc. 40) is **GRANTED** and the motion for a sentence reduction (Doc. 43) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: February 5, 2025**

**STACI M. YANDLE**
**United States District Judge**